# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:12-cv-47-RJC

| | | |
|---|---|---|
| NAIROBI MARQUIS BLOW-EL, | ) | |
| Moorish American National, a/k/a | ) | |
| King Nairobi Marquis Blow-El, | ) | |
| a/k/a Nairobi Blow, | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **STATE OF NORTH CAROLINA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1), on March 8, 2012. On April 4, 2012, the Clerk of Court entered an Order allowing Plaintiff to proceed IFP and requiring an initial partial payment from Plaintiff's inmate trust account. (Doc. No. 3). For the reasons explained below, the Court dismisses Plaintiff's Complaint sua sponte for failure to state a claim.

Plaintiff is a state court inmate, currently incarcerated at Marion Correctional Institution. Plaintiff identifies himself as "Moorish American National King Nairobi Marquis Blow-El." Plaintiff contends in his Complaint that he is not subject to the laws of the United States or the states, or any entity whatsoever, by virtue of his identity as a "Freeborn Sovereign Moorish American National."[1]

---

[1] Plaintiff claims he is immune from all state and federal laws by virtue of his identity as a descendant of indigenous peoples. Ironically, Plaintiff also purports to be protected by the very same laws to which he claims he is not subject. See (Doc. No. 1 at 4) ("I owe no such duty to submit my books or papers, property for an examination to the state. And can only be taken

In his Complaint, Plaintiff appears to be complaining about his right to send and receive mail without interference from prison officials. For instance, he states in his Complaint that he "do[es] not consent to respondent violating any of my personal property or personal space or to open or delay mail without a search warrant." (Doc. No. 1 at 4). In another part of the Complaint, he states "[t]hat my property is not to be searched without a search warrant and the said officers must have jurisdiction to do so. My mail, incoming or outgoing is not to be touched. I don't consent to a[n] examination, violating my private business." (Id. at 5). Plaintiff has attached as Exhibit A to his Complaint a letter dated October 3, 2011, from Captain Hubert Corpening, Special Affairs of Marion Correctional Institution, stating that "[d]ue to your validation as a security threat group member, your status will be changed beginning today." (Doc. No. 1-1 at 1). The letter goes on to state, among other things, that

> [a]ll incoming mail will be censored by Institution Head or designee. All outgoing mail will be censored and should be sent to the mailroom unsealed. Such mail shall be subject to rejection, non-delivery, and photocopying by the Superintendent, Warden or designee if it threatens the safety of staff, facility, inmates or the community. Legal mail will be managed according to existing Division of Prisons policy and procedures, unless Level III and housed at STGMU.

(Id.). Plaintiff has named as Defendants the State of North Carolina, Marion Correctional Institution, Superintendent Duane Terrell, STG Officer Larry Dunston, and STG Officer Adam Hergenrother.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

---

from me by due process or law, and in accordance with the Constitution.").

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the

court must identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or seeks monetary relief from a defendant who is immune from such relief. In its

frivolity review, this Court must determine whether the Complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

      The Court will dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff asserts

in his Complaint that prison officials must have a valid search warrant to search his mail. Thus,

he is asserting a constitutional right regarding the opening of his mail. While prisoners and

detainees have some First Amendment rights in both receiving and sending mail, it is clear that

prison officials may place reasonable restrictions on these rights. See Thornburgh v. Abbott, 490

U.S. 401, 413 (1989); Pell v. Procunier, 417 U.S. 817, 822 (1974). Prisoners do not have a

constitutional right to require prison officials to obtain a search warrant before opening their

mail. As another district court stated in response to an inmate's contention that prison

authorities could not open his mail without a search warrant:

> [Plaintiff's] position in this lawsuit is in essence a claim that [prison authorities]
> have no authority to regulate or inspect his mail and may only open his mail
> based upon a search warrant or court order. This position is legally frivolous.
> [Plaintiff] is a convict, not a free world citizen. As such his constitutional rights
> are curtailed to the extent inconsistent with his status as an inmate. Mail
> regulations, as to both general mail and privileged legal correspondence, are
> necessary as a matter of security and institutional order. . . . Even regulations
> that "impinge upon a prisoner's rights with respect to mail" are constitutionally
> permissible, so long as "the practice is reasonably related to a legitimate
> penological interest."

Weatherspoon v. Ferguson, No. 4:08cv3-P-D, 2009 WL 4573770, at *2 (N.D. Miss. Dec. 2, 2009) (citation omitted); see also Bell v. Wolfish, 441 U.S. 520, 530 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement.").  Here, Plaintiff has failed to state a claim in his Complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein.  The Clerk is directed to close the case.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge